**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

ALLEN BLAND,

    Plaintiff,

v.                                                            Case No. 14-C-824

MILWAUKEE POLICE DEPT., et al.

    Defendants.

**ORDER**

The *pro se* plaintiff filed a 34-page pro se complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. I dismissed the original complaint on the grounds that it named dozens of parties, brought several flawed claims, and in general alleged such a morass of intertwined facts that it was impossible to decipher. I allowed Plaintiff to file an amended complaint "to state only those claims which may proceed without a reversal of his criminal conviction and which are against defendants who are not immune." (ECF No. 5 at 6.)

The amended complaint has been trimmed by only 4 pages and appears to allege essentially the same complicated conspiracy involving everyone from police detectives, court clerks, court reporters and prosecutors to state trial and appellate judges. The vast bulk of the complaint again calls into question the validity of Plaintiff's conviction because it alleges some kind of conspiracy involving a number of judges, as well as things like a forced confession, *Brady* violations, suborning of perjury, false testimony, and the like. Besides being fantastical allegations, these claims (as

explained in my initial dismissal order) cannot be brought in a § 1983 action unless and until the underlying conviction has been overturned through appeals or other proceedings.

One option would be to again dismiss the complaint for failure to follow this Court's instructions to limit the amended complaint to only viable claims. To expedite matters, however, I will allow the Plaintiff to proceed on claims arising out of his arrest. In short, he alleges that when he was arrested in 2010 the officers lacked any reason to stop him, and when they confronted him they beat and kicked him. He also brings this claim as a *Monell* action against the City of Milwaukee. *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 701 (1978). These Fourth Amendment claims (unlawful arrest and excessive force) are viable against Defendants Illeman, Esqueda, Scheuring and Sommer, as well as the City. They are not viably brought against the "unknown undercover officers," supervisors, or the police chief. Given the allegations that the named Defendants simply beat him up during the arrest, there is no reason to invite a fishing expedition into the identities of other members of the police department who were not present.

**IT IS ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon the defendant pursuant to Federal Rule of Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3).[1]

**IT IS ALSO ORDERED** that the defendants (Illeman, Esqueda, Scheuring, Sommer and the City of Milwaukee) shall file a responsive pleading to the complaint. Apart from the Fourth

---

[1] Although the Plaintiff is not *in forma pauperis*, the court may direct the Marshal to serve process. Fed. R. Civ. P. 4(c)(3).

Amendment claims against the Defendants named in the preceding sentence, all other claims against all other Defendants are **DISMISSED**.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

> Honorable William C. Griesbach
> % Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> Jefferson Court Building
> 125 S. Jefferson St., Rm. 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter. As each filing will be electronically scanned and entered on the docket upon receipt by the clerk, the plaintiff need not mail copies to the defendants. All defendants will be served electronically through the court's electronic case filing system. The plaintiff should also retain a personal copy of each document filed with the court.

Dated at Green Bay, Wisconsin, this 16th day of October, 2014.

    /s William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court