**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

ALLEN BLAND,

    Plaintiff,

v.                                                                                             Case No. 14-C-824

MILWAUKEE POLICE DEPT., et al.

    Defendants.

## ORDER

The *pro se* plaintiff filed an amendment complaint that failed to comply with this Court's original screening order. Nevertheless, I allowed portions of the complaint to proceed and directed service on the Defendants. Plaintiff has now filed a motion to amend, which in actuality is a motion for reconsideration since he asks to reinstate claims against several parties that the Court had already dismissed.

Plaintiff insists that he states a claim against Milwaukee Police Chief Edward Flynn, who turned the proverbial "blind eye" to Fourth Amendment violations committed by his officers and had an official custom or policy of allowing constitutional violations in his department. A claim like this is subsumed in Plaintiff's *Monell* claim against the City of Milwaukee, however, because it alleges that the chief, in his official capacity, maintained such a policy. *Monell v. Department of Social Services of City of New York,* 436 U.S. 658 (1978). Under *Monell*, municipalities are subject to damages under § 1983 in three situations: when the plaintiff was injured pursuant to an expressly adopted official policy, a long-standing practice or custom, or the decision of a "final

policymaker." Here, Plaintiff's "custom and practice" claim against the chief is the same as the claim against the City. *See Kentucky v. Graham,* 473 U.S. 159, 165 (1985) ("Official-capacity suits ... generally represent only another way of pleading an action against an entity of which an officer is an agent ....") There is no need to maintain a claim against both the City *and* Chief Flynn in his official capacity.

To the extent Plaintiff tries to sue Chief Flynn in his individual capacity, he has to plead some kind of action or inaction on Flynn's part that is specific to his arrest. It is not enough to allege that the chief "turned a blind eye" when all we are talking about is a single allegedly unlawful arrest. If the chief specifically approved of that arrest, it would be one thing. *Morfin v. City of East Chicago,* 349 F.3d 989, 1001 (7th Cir. 2003) ("If the record suggested that Chief Alcala had knowledge of facts that would cause him to believe that Officer Kovats was about to make an unconstitutional arrest but failed to use his authority to stop the violation, his failure would result in liability under § 1983.") But here the claim is simply that the chief had some kind of general policy of condoning illegal arrests, and that is the essence of the *Monell* claim against the City discussed above. It does not state a claim against the chief individually.

To the extent Plaintiff seeks to revive his claim of a vast conspiracy involving multiple named and unnamed officers, that effort will be denied for the reasons already given. *Cooney v. Rossiter,* 583 F.3d 967, 971 (7th Cir. 2009) (before subjecting defendants to "paranoid pro se litigation ... alleging ... a vast, encompassing conspiracy," the plaintiff must meet a "high standard of plausibility"); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 557 (2007). At its core, Plaintiff's allegation is that he was unlawfully arrested. He has been allowed to proceed against four officers

2

and the City itself, and there is no reason apparent from the complaint to turn the case into an all-encompassing probe of the entire criminal justice system in Milwaukee County.

Plaintiff also asks that any claims calling into question the validity of his conviction be stayed pending his exhaustion of the habeas process in state courts. That request will be denied. The statute of limitations does not begin running until the such claims are exhausted, so there is no need to stay them.

Dated at Green Bay, Wisconsin, this 7th day of November, 2014.

    /s William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court