# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ALLEN BLAND,**

                        Plaintiff,

v.                                    **Case No. 14-cv-824-pp**

**OFFICER JOSEPH ESQUEDA,**
**OFFICER ERIN ILLEMAN,**
**OFFICER SCHEURING,**
**OFFICER SOMMER, and**
**CITY OF MILWAUKEE,**

                        Defendants.

## DECISION AND ORDER REGARDING PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS (DKT. NO. 21)

In a scheduling order entered February 2, 2015, the court directed that the "[p]arties must serve all requests for discovery by a date sufficiently early so that all discovery is completed no later than June 1, 2015." (Dkt. No. 20). On June 1, 2015, the court received a document from the plaintiff. The caption, or title, of the document was "Plaintiff's First Request for Production of Documents." The plaintiff followed that title with the word "Discovery," and then another title: "Motion to Compel Production of Documents." (Dkt. No. 21) The text of the document is a list of all the items the plaintiff is asking the defendants to turn over to him in discovery, plus a repeat of the allegations in the plaintiff's complaint. Because the plaintiff already has alleged his causes of action in his complaint, and didn't need to allege them again, the court construes the June 1, 2015 pleading as a discovery demand (a request for

1

production of documents) and a motion to compel production of documents under Fed. R. Civ. P. 37.

The court's February 2, 2015 order required the parties to serve their discovery demands "by a date sufficiently early" to allow the opposing side to complete its responses by June 1. The plaintiff filed his first request for production of documents on June 1—not "sufficiently early" to allow the defendants to respond to them by June 1. Thus, the plaintiff was very late in filing his request for production of documents. In addition, the plaintiff filed the discovery request with the court, rather than serving it on the other side. Discovery demands are made from one party to another—the court doesn't get involved unless parties refuse to provide reasonable discovery. Rather than filing his request for production of documents with the court, the plaintiff should have sent that request to the defendants.

Even though the plaintiff was late in filing his request for production of documents, however, and even though he filed them with the court rather than serving them on the defendants, the court has an interest in allowing a *pro se* plaintiff to develop his claims so that the court may decide the case on the merits. *Donald v. Cook Cty. Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996) ("Not only is the district to view the pro se complaint with an understanding eye, but, while the court is not to become an advocate, it is incumbent on it to take appropriate measures to permit the adjudication of *pro se* claims on the merits, rather than to order their dismissal on technical grounds."). It is possible that the plaintiff did not understand that June 1 was not the deadline

for him to serve his discovery demands, and that he needed to serve the demands at least thirty days before that date in order to give the defendants time to respond by the June 1 deadline. Because the court wants to give the defendants an opportunity to provide the discovery, so that this case can keep moving in an efficient manner, the court will direct the defendants to respond to the plaintiff's requests within thirty (30) days of the date of this order.

The second caption in the June 1 filing is a "motion to compel." Litigants use Federal Rule of Civil Procedure 37 motions to compel when they've made discovery demands on the other side, and the other side has not provided the requested discovery. That is why Rule 37 requires the parties, in good faith, to confer or attempt to confer before bringing such a motion—the parties must try to work out their differences before calling on the court for help. The plaintiff's motion in this case is premature—the deadline for the defendants to provide the discovery he's asked for hasn't yet passed. And because the motion doesn't state that the parties "met and conferred" to try to work out any differences before the plaintiff filed the motion, the motion doesn't comply with Rule 37. For these reasons, the court will deny the motion to compel.

For the reasons discussed above, the court **ORDERS** that the defendants shall respond to the plaintiff's first request for production of documents within thirty (30) days of the date of this order.

The court **DENIES** the plaintiff's motion to compel production of documents (Dkt. No. 21).

Dated at Milwaukee this 16th day of June, 2015.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Court Judge**